IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLIE E. FINKLEY**                                                      **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:16CV290-LG-RHW**

**ROBERT A. McDONALD,**
**Secretary of Veterans Affairs**                                    **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [5] entered by United States Magistrate Judge Robert H. Walker regarding the plaintiff Charlie E. Finkley's Motion to Proceed In Forma Pauperis (IFP) [2]. Judge Walker determined that the Motion should be denied. Finkley filed a timely objection to the Report and Recommendation. After reviewing the record in this matter and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court and Finkley's IFP Motion should be denied.

## DISCUSSION

Finkley filed this employment discrimination lawsuit against Robert A. McDonald, Secretary of the United States Department of Veterans Affairs, as well as an IFP Motion [2]. Finkley stated that, as of August 9, 2016, he had $300 in cash, $4500 in a credit union checking account, a home worth $100,000, and two vehicles worth a total of $7000. He claimed a monthly income of $3657 and monthly expenses of $3050. He stated that he was unable to pay the filing fee, because his twenty-one-year-old daughter is a student at the University of Texas at Austin. Judge Walker recommends that this Court deny the IFP Motion because

Finkley is capable of paying the filing fee.

In his Objection, Finkley asserts that he pays $900 each month for his daughter's expenses, and the $300 in cash was earned from a one week painting job that served as his only earned income since April 2015. He states that he liquidated his retirement account in July 2015 and deposited those funds in his checking account. He also explained that the $4500 balance in his checking account "is slightly more than one month's expenses. It is only this amount around the first day of each month [when retirement] funds are deposited and bills have not been paid." (Obj. at 1, ECF No. 6). He also asserts that he is unsure of the actual value of his home because it is in need of repair. In addition, he owes $3000 to a credit union for a title loan. He provided a chancery court order concerning child support, the title loan statement, his August 2016 checking account statement, and other financial documents.

Finkley's August checking account statement reflects an opening balance of $3650.44 on August 1, 2016, and a closing balance of $2600.23 on August 31, 2016. Therefore, contrary to his assertions, there are funds remaining in Finkley's account after payment of his monthly expenses that are sufficient to pay the filing fee. As a result, the Court finds that Judge Walker's Report and Recommendation should be adopted as the opinion of this Court and Finkley's IFP Motion should be denied. Finkley must pay the filing fee within thirty days of the date of this Order. Failure to pay the filing fee by that deadline will result in dismissal of this lawsuit without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [5] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiff Charlie E. Finkley's Motion to Proceed In Forma Pauperis (IFP) [2] is **DENIED**.  Finkley must pay the filing fee within thirty days of the date of this Order.  Failure to pay the required filing fee may result in a dismissal without further notice.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE