IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLIE E. FINKLEY**                                                    **PLAINTIFF**

v.                                                  **CAUSE NO. 1:16CV290-LG-RHW**

**DAVID J. SHULKIN, SECRETARY OF
THE UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS**                                                  **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [16] for failure to timely and adequately serve process that was filed by the defendant, David J. Shulkin, Secretary of the United States Department of Veterans Affairs.[1] The pro se plaintiff Charlie E. Finkley did not file a response in opposition to the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

## BACKGROUND

Finkley claims that his former employer, the Department of Veterans Affairs, discriminated against him on the basis of his race. The Department of Veterans Affairs issued its final agency decision on May 4, 2016. (Final Agency Decision, ECF No. 4). Finkley appealed the final agency decision to the EEOC on May 24, 2016. (EEOC Receipt of Appeal, ECF No. 1-2). The Court has not located any EEOC final decision on appeal in the record. Finkley filed this employment discrimination lawsuit against the Secretary of Veterans Affairs on August 9, 2016.

---

[1] Robert A. McDonald was originally named as the defendant in this lawsuit. Since David J. Shulkin is now the United States Secretary of Veterans Affairs, the Court finds that Shulkin should be substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

(Compl., ECF No. 1). Finkley has filed proofs of service [14, 15], claiming that he served the United States Attorney's Office and the United States Attorney General via certified mail. The defendant seeks dismissal for failure to timely and adequately serve process.

## DISCUSSION

The defendant argues that service of process is deficient, because Finkley acted as the process server when he served the summonses via certified mail. The defendant further seeks dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m) because the deadline for serving process has expired.

Fed. R. Civ. P. 4(c)(2) provides that "[a]ny person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis added) The Fifth Circuit has noted that there is "no mailing exception to the nonparty requirement for service." *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Constien v. United States*, 628 F. 3d 1207, 1213-14 (10th Cir. 2010)). Therefore, Rule 4(c)(2)'s prohibition of service by parties to a lawsuit applies even where the defendant is served via certified mail. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The deadline for serving process in this matter has expired. Finkley has not responded to the defendant's Motion, and he has not asked for an extension of time to correct the deficient service of process. Therefore, the Court finds that the

defendant's Motion to Dismiss should be granted, and this lawsuit should be dismissed without prejudice.

The Court also notes that a review of the record in this matter indicates that Finkley may have failed to exhaust his administrative remedies before filing this lawsuit. *See* 42 U.S.C. § 2000e-16(c) (providing that an employment discrimination lawsuit must be filed after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission). While there is evidence in the record that Finkley appealed the Final Agency Decision to the EEOC, there is no evidence of an EEOC final decision on appeal. Once a claimant chooses "to continue along the administrative relief path by requesting reconsideration by the EEOC" he is required to wait until either the EEOC issues its final decision on appeal or the passage of 180 days from the date of the appeal before filing a lawsuit in federal court. *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990); *Fobbs v. Potter*, 338 F. App'x 359, 361 (5th Cir. 2009). Failure to exhaust administrative remedies requires dismissal of the complaint. *Id.*

## CONCLUSION

For the foregoing reasons, the Court finds that the defendant's Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [16] for failure to timely and adequately serve process that was filed by the defendant is **GRANTED**. This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is directed to substitute David J. Shulkin as the defendant in this lawsuit pursuant to Fed. R. Civ. P. 25(d).

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE